# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**McKinley Stevens,**
**Petitioner Below, Petitioner**

**FILED**

November 24, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 13-0989** (Mercer County 11-C-229)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner McKinley Stevens, by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's September 27, 2013, order, denying his post-conviction habeas corpus petition. Respondent Marvin Plumley, Warden, by counsel Derek A. Knopp, filed a response. Petitioner argues that (1) he received ineffective assistance of counsel, (2) his due process rights were violated by the circuit court's failure to transcribe the entire criminal proceeding, and (3) the circuit court erred in failing to find that cumulative error in the underlying criminal trial warranted relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of second degree sexual assault and burglary following a jury trial in 2001. He was sentenced to consecutive prison terms of ten to twenty-five years and one to fifteen years, respectively. This Court refused his direct appeal in 2002 and this petition for writ of habeas corpus relief in circuit court followed. In his petition for habeas corpus, petitioner argued that he received ineffective assistance of trial counsel, that his due process rights were violated by the circuit court's failure to transcribe the entire criminal proceeding, and that cumulative error of the trial below warranted relief. Petitioner also requested the habeas court to review his psychological and psychiatric reports that were filed in the underlying criminal action. After two omnibus evidentiary hearings, the circuit court denied petitioner post-conviction habeas corpus relief. Petitioner now appeals to this Court.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion

1

standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner re-asserts the same claims that were rejected by the circuit court. First, petitioner re-asserts that his trial counsel was ineffective for failing to (a) object to the prosecuting attorney's closing argument; (b) object to the testimony of one of the witnesses, Sharon Kebler; (c) object to testimony concerning petitioner's presence in the victim's home prior to the assault; (d) object to testimony solicited by one of the State's witnesses concerning the number of cases regarding identification of foreign fluids; (e) locate and call one potential witness at trial, Jacqueline Taylor; (f) seek a curative instruction from the circuit court during the State's closing argument; and (g) properly explain plea negotiations to petitioner. Second, petitioner re-asserts that his due process rights were violated by the circuit court's failure to transcribe the entire criminal proceedings. In particular, petitioner argues that the failure to transcribe the circuit court's instructions to the jury prejudices review of his petition. Lastly, petitioner argues that all of the assignments of error he raised in circuit court constitute cumulative error warranting reversal of his conviction.

Upon our review and consideration of the circuit court's order, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the errors he assigns on appeal, which were also argued below. Having reviewed the circuit court's 209-page "Order Denying the Petitioner's Petition for Writ of Habeas Corpus *Ad Subjiciendum* and Removing It from the [Circuit] Court's Active Docket," entered on September 27, 2013, we hereby affirm the circuit court's well-reasoned findings and conclusions of law as to those assignments of error raised in this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II